```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**BUD S. LAWSON,**

    **Plaintiff,**

**v.**                           **CIVIL ACTION NO. 1:07-00765**

**K-MART CORPORATION,**

    **Defendant.**

## MEMORANDUM OPINION

Pending before the court is the issue of this court's subject matter jurisdiction under 28 U.S.C. § 1332, on which the parties have submitted briefs at the court's direction.  For the reasons set forth below, the court remands this action to the Circuit Court of Mercer County, West Virginia.  Because the court finds that it lacks subject matter jurisdiction over this action, the court does not reach defendant's Motion to Dismiss (Doc. No. 3) and plaintiff's Motion to Amend (Doc. No. 5).

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Bud S. Lawson filed this action in the Circuit Court of Mercer County, West Virginia, alleging injuries sustained after a fall in defendant K-Mart Corporation's ("K-Mart") Bluefield, West Virginia, store.  (Doc. No. 1 at 3.) Lawson alleges that, on October 13, 2006, he slipped after stepping in spilled laundry detergent in the store's laundry detergent aisle, causing him to fall on his back.  (Id.)  Later that day he sought treatment at Bluefield Regional Medical Center

for pain in his neck, right shoulder, and right knee. (Id.) After a further period of treatment and testing, plaintiff was diagnosed with a condition consistent with a meniscal tear of his right knee, for which he underwent arthroscopic knee surgery on March 28, 2007, followed by physical therapy. (Id. at 4.) The complaint does not allege that plaintiff's injuries are severe or permanent in nature.

Plaintiff concludes that, "[a]s a result of the slip-and-fall incident on or about October 13, 2006, [he] has incurred medical expenses in the approximate amount of $14,590.38, prescriptions in the approximate amount of $30.00, and lost wages in the amount of $5,673.20." (Id.) For relief, plaintiff seeks a judgment "in an amount sufficient to recompense [him] for his medical expenses, lost wages, annoyance, aggravation, and inconvenience," in addition to attorney's fees, costs, and other relief deemed appropriate by the court. (Id.)

K-Mart removed the action to this court on November 27, 2007, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Id. at 1.) Defendant then moved to dismiss the complaint on the basis that plaintiff had failed to allege that defendant owed a duty to plaintiff, that defendant breached that duty, and that such breach was the direct and proximate cause of the harm allegedly sustained by plaintiff. (Doc. No. 3 at 1-2.)

2

Plaintiff thereafter moved to amend the complaint in these respects. (Doc. No. 5.)

As set forth above, plaintiff's complaint seeks $20,293.58 in specified damages, in addition to unspecified compensation for annoyance, aggravation, inconvenience, attorney's fees, costs, and other appropriate relief. In order to establish the existence of subject matter jurisdiction, the court directed the parties to submit briefs relating to the $75,000.00 amount in controversy requirement of Section 1332.[1] (Doc. No. 11.) Defendant cites plaintiff's pre-litigation settlement demand of $100,000.00 as evidence supporting the jurisdictional requirement, and also notes that plaintiff's counsel has declined to stipulate that the damages sought do not exceed $75,000.00. (Doc. No. 14.) Plaintiff, on the other hand, directs the court's attention to the defendant's pre-suit settlement offer of $5,000.00. (Doc. No. 15.)

## II. ANALYSIS

Pursuant to 28 U.S.C. § 1441, a case filed in a state court may be removed to a federal court when it is shown that the federal court would have had original jurisdiction over the suit. Federal district courts may exercise original jurisdiction over civil actions in which the matter in controversy exceeds the sum

---

[1] It appears to be undisputed that plaintiff and defendant are citizens of different states, as required for jurisdiction under 28 U.S.C. § 1332(a)(1).

or value of $75,000.00 and is between citizens of different states.  28 U.S.C. § 1332(a)(1).

The sole jurisdictional issue before the court is whether defendant has demonstrated the $75,000.00 amount in controversy required to establish jurisdiction under 28 U.S.C. § 1332(a)(1). Defendant, as the party seeking removal, bears the burden of establishing federal jurisdiction.  Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994).  Defendant must meet this burden by a preponderance of the evidence.  McCoy v. Erie Insurance Co., 147 F.Supp. 2d 481, 488 (S.D. W. Va. 2001)(Haden, J.).  In conducting its jurisdictional analysis, the court is aware that removal jurisdiction raises significant federalism concerns, and must therefore be strictly construed. Mulcahey, 29 F.3d at 151 (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921).  "If federal jurisdiction is doubtful, a remand is necessary."  Mulcahey, 29 F.3d at 151.

The defendant must supply evidence to support the required jurisdictional amount; mere assertions or allegations are insufficient to meet this burden.  Sayre v. Potts, 32 F. Supp. 2d 881, 886 (S.D. W. Va. 1999)(Goodwin, J.).  In its review of the issue, the court may consider the entire record as of the time the petition for removal was filed.  Id.  For example, in addition to the complaint, the court may consider the following:

> the type and extent of the plaintiff's injuries and the possible damages recoverable

4

> therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be expenses or losses incurred by plaintiff up to the date the notice of removal was filed. The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal . . . .

McCoy, 147 F. Supp. 2d at 489 (quoting Sayre 32 F. Supp. 2d at 886). In evaluating such evidence, moreover, the court need not set aside its common sense. McCoy, 147 F. Supp. 2d at 489.

Importantly, settlement offers do not adequately establish the amount in controversy. Although these offers may represent a reduction of the amount of damages the plaintiff will attempt to prove at trial, they may also overstate the plaintiff's valuation of his claim. "In trying to settle a claim, counsel naturally will try to inflate its value. Such 'puffing' cannot be taken as evidence of the amount in controversy." Gwyn v. Wal-Mart Stores, 955 F. Supp. 44, 46 (M.D.N.C. 1996)(citations omitted). Furthermore, a plaintiff's "refusal to sign an agreement stipulating to the amount in controversy does not establish the requisite amount in controversy." Gramc v. Millar Elevator Co., 3 F. Supp. 2d 1082, 1084 (E.D. Mo. 1998).

In the instant case, plaintiff's complaint seeks only $20,293.58 in specified compensatory damages. Although plaintiff demands other indeterminate damages, he does not seek punitive damages, nor does he claim that his injuries are severe or

permanent. Although plaintiff's pre-removal settlement demand exceeds the jurisdictional minimum, defendant's settlement offer falls far short of it. Under these circumstances, the court is unable to conclude that a preponderance of the evidence demonstrates the sufficient amount in controversy.

### III. CONCLUSION

Because defendant has failed to establish by a preponderance of the evidence the requisite amount in controversy under 28 U.S.C. § 1332(a)(1), this court finds that it lacks subject matter jurisdiction over this action. As such, in an accompanying Remand Order, the court remands this action to the Circuit Court of Mercer County, West Virginia. Having determined that remand is necessary, the court does not reach defendant's motion to dismiss (Doc. No. 3) and plaintiff's motion to amend (Doc. No. 5).

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record and to the Clerk of the Circuit Court of Mercer County, West Virginia.

It is **SO ORDERED** this 13th day of March, 2008.

ENTER:

*David A. Faber*
David A. Faber
United States District Judge